UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

STEVEN E. PLUNKETT					DOCKET NO. 11-CV-1973

V.							JUDGE TRIMBLE

WALTER GARNETT, ET AL				MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of plaintiff Steven E. Plunkett filed *in forma pauperis* on November 10, 2011.  Doc. 1.  Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana.  Plaintiff names the following as defendants: ACC Captain Walter Garnett, ACC Sergeant Devin McDaniel, and ACC case manager Dorra Sweat.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Statement of the Case*

Plaintiff states that he was issued a disciplinary report from defendant McDaniels for a rule violation.  He was then brought before the disciplinary board for a hearing on the violation.  Defendants Garnett and Sweat were on the board.  At the hearing, plaintiff was represented by inmate counsel substitute.

Plaintiff states that, as his inmate counsel was presenting his defense to the board, defendant Garnett stopped counsel from completing the argument and fired him from further representation of the plaintiff.  Plaintiff contends that Garnett appointed another inmate counsel

but ordered the new counsel not to say anything.  The disciplinary board found plaintiff guilty of the rule violation.  Plaintiff states that this "ordeal" occurred on or around September 9, 2011. Doc. 1, p. 3.

Plaintiff contends that the above actions by defendant Garnett denied him the established right to counsel and to present a defense to the allegations.  Plaintiff also contends that while confined in the cellblock during this time, defendant McDaniel was temporarily assigned to work in his cellblock and that McDaniel threatened plaintiff's life.  Doc. 1, p. 4.

As relief, plaintiff seeks "an immediate injunctive to cause a transfer to another institution for personal safety from threats of physical harm" while his ARP is pending exhaustion. Doc. 1, p. 2.  He also asks that the matter be stayed pending resolution of his ARP. Doc. 1, p. 4.

The first step response [doc. 1, att. 2, p. 1] to the ARP deals with plaintiff's claims that he is related to several of the officers at ACC.  The response notes that plaintiff's master record does not indicate that he has any immediate family working at ACC and that none of the employees reported a relationship to the plaintiff.  The ARP was denied at the first step level on November 1, 2011.  Plaintiff stated that he was not satisfied with the response and was going to proceed to step two in the grievance process.  Included in his reasons for disagreeing with the response, plaintiff stated that he had personal problems with defendant McDaniel as McDaniel had threatened his life on more than one occasion. Doc. 1, att. 2, p. 1.

*Law and Analysis*

## I.     Right to Counsel

Plaintiff complains that he was denied the right to counsel and to present a defense to the disciplinary allegations.  Because there is no right to counsel in prison disciplinary hearings,

plaintiff's claim is without merit.  *See Enriquez v. Mitchell*, 533 F.2d 275, 276 (5th Cir. 1976); *see also Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (when no right to counsel exists, one cannot be deprived of the effective assistance of counsel).  Accordingly, the claim should be dismissed.

## II. *Verbal Abuse*

Plaintiff also complains that defendant McDaniel threatened him with physical violence. To the extent that plaintiff claims this represents abuse or harassment, such fails to raise a federal constitutional claim.

A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated.  The Fifth Circuit has held that verbal abuse/harassment or name-calling by a prison guard does not amount to an Eighth Amendment violation.  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993)).  The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995); *Bender*, 1 F.3d at 274 n. 4  (holding that claims of verbal abuse and harassment are not actionable under § 1983).

## III. *Transfer Request*

Additionally, the court notes that plaintiff requests a transfer from ACC.  This request is without merit as plaintiff does not have a protected liberty interest in where he is placed.  *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (in the absence of an appropriate state regulation, a prisoner has no liberty interest in residence in one prison or another).  Thus, plaintiff's request/motion to transfer should be denied.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights claims be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 15th day of October, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE